GREGORY T. VAN METER, ADMINISTRATOR OF THE ESTATE OF KASPER
HILDEBRANDT, DECEASED

*v.*

STATE OF ILLINOIS.

*Opinion filed April 18, 1923.*

GOVERNMENTAL FUNCTION—*State not liable for injuries sustained by an inmate of its institution.* The State in conducting the Illinois School for the Blind exercises a governmental function and is not liable for injuries sustained by an inmate thereof.

Edward J. Brundage, Attorney General, for State.

This is a claim filed by the administrator of the estate of Kasper Hildebrandt for compensation for the death of claimant's intestate.

It appears from the evidence that the decedent was a boy a little over twelve years old; that on the 9th day of January, 1920, he was placed in the institution for the blind at Jacksonville, by his father, Kasper Hildebrandt, of Morton Grove, Illinois. It appears from the evidence that the boy had some vision, such as "eye shadows." The managing officer of the institution testifies that "he had some vision." It further appears from the evidence that the boy's ward was on the third floor at the end of a wide hall. On that floor there are two windows separated merely by a wide casing, which windows are directly above the entrance to the building, about 28 feet above the cement walk; that the windows are about 28 inches from the floor and the bottom sill is about 20 inches deep.

On the 12th day of January, 1920, three days after the boy was admitted, he was found lying on the cement walk under the windows, dead from concussion of the brain. One or both of the windows were open. No one remembers whether the window had been raised for ventilation as was sometimes done, and it is possible that the boy himself raised the window though the window was somewhat heavy.

The defendant filed a demurrer to the said claim and setting forth as special cause for demurrer, the State of Illinois by its Attorney General shows unto the Court:

*First*—That the doctrine of *respondeat superior* is not applicable to the State;

*Second*—That in the absence of Statute, the State is not liable for the torts of its officers, agents inmates or employees;

*Third*—That the State in conducting the Illinois School for the Blind at Jacksonville, exercises a governmental function and is not liable for the injuries to the inmates thereof.

It is the opinion of the Court that there is no legal liability on the part of the defendant, the State of Illinois, in this case.   Therefore, the demurrer is sustained.

It is the opinion of this Court that while this is a case that is to be deplored and that natural sympathy would go out to the parents of the child in question, yet we do not believe that where a case of this kind showing a question as to an equitable liability that any allowance should be made against the people of the State of Illinois.   An action of this kind might have occurred in a well regulated home and we do not by this action, intend to relieve the officials or those in authority in our State institutions of the exercise of the greatest care consistent with the plan of their institutions.

It is therefore considered by the Court that no allowance be made in this case.